UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
Civil Case No. 9:23-cv-81257-ROSENBERG/REINHART

THE INSTITUTE FOR REGIONAL
CONSERVATION, CENTER FOR
BIOLOGICAL DIVERSITY, and the
NATIONAL PARKS CONSERVATION
ASSOCIATION,

          Plaintiffs,

  v.

U.S. FISH AND WILDLIFE SERVICE;
MARTHA WILLIAMS, in her official
capacity as Director of the U.S. Fish and
Wildlife Service; and DEBRA HAALAND,
in her official capacity as Secretary of the
U.S. Department of the Interior,

          Defendants.

## FEDERAL DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants, the United States Fish and Wildlife Service (the "Service"); Martha Williams, in her official capacity as Director of the Service; and Debra Haaland, in her official capacity as Secretary of the United States Department of the Interior (collectively, "Federal Defendants") hereby submit this Answer in response to Plaintiffs' Complaint for Declaratory and Injunctive Relief (ECF No. 1). The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint.

    1.    The allegations in Paragraph 1 constitute Plaintiffs' characterization of their case, to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations.

2. Federal Defendants admit that the ghost orchid grows in southwestern Florida and Cuba. The remaining allegations in Paragraph 2 constitute Plaintiffs' characterization of their case, to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations.

3. The allegations in Paragraph 3 purport to characterize undisclosed studies that speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, or context are denied.

4. The allegations in Paragraph 4 purport to characterize undisclosed studies that speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, or context are denied.

5. The allegations in the first sentence of Paragraph 5 purport to characterize undisclosed studies that speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, or context are denied. The allegations in the second sentence constitute Plaintiffs' characterization of their case, to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations on that basis.

6. The allegations in Paragraph 6 purport to characterize undisclosed studies and information from Florida Fish and Wildlife Conservation Commission that speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, or context are denied.

7. Federal Defendants admit that they received a petition from Plaintiffs dated January 24, 2022, to list the ghost orchid as a threatened or endangered species. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore deny them.

8. Federal Defendants admit that they issued a positive 90-day finding on October 22, 2022, pursuant to section 4(b)(3)(A) of the Endangered Species Act, 16 U.S.C. § 1533(b)(3)(A), concluding that Plaintiffs' petition presented "substantial scientific or commercial information" indicating that listing the ghost orchid "may be warranted." The remaining allegations in Paragraph 8 constitute legal conclusions, to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations on that basis.

9. Federal Defendants admit that to date they have not issued a 12-month finding for the ghost orchid. The remaining allegations in Paragraph 9 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations on that basis.

10. The allegations in Paragraph 10 purport to characterize the Endangered Species Act, 16 U.S.C. § 1533 et al. ("ESA"), which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

11. The allegations in Paragraph 11 constitute Plaintiffs' characterization of their case, to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations on that basis.

12. The allegations in Paragraph 12 are legal conclusions, to which no response is required. To the extent the allegations in Paragraph 12 could be considered factual, Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny them.

13. The allegations in Paragraph 13 are legal conclusions, to which no response is required.  To the extent the allegations in Paragraph 13 could be considered factual, Federal

Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny them.

14. Federal Defendants admit the allegations in the first sentence of Paragraph 14. Federal Defendants deny the remaining allegations and aver that they responded to Plaintiffs' notice of intent to sue in a letter dated August 3, 2023.

15. The allegations in Paragraph 15 constitute legal conclusions, to which no response is required. To the extent the allegations in Paragraph 15 could be considered factual, Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny them.

16. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny them.

17. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore deny them.

18. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore deny them.

19. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny them.

20. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore deny them.

21. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 21, and therefore deny them. The allegations in the third sentence of Paragraph 21 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

22.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 22, and therefore deny them. The allegations in the fourth sentence of Paragraph 22 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

23.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first through fourth sentences of Paragraph 23, and therefore deny them. The allegations in the fifth sentence of Paragraph 23 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

24.     The allegations in Paragraph 24 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations.

25.     Federal Defendants admit that the Service is the agency within the Department of the Interior that is charged with implementing the ESA for the ghost orchid and that the Secretary of the U.S. Department of the Interior has delegated administration of the ESA to the Service through 50 C.F.R. § 402.01(b).  The remaining allegations in Paragraph 25 are too vague and ambiguous to permit a response, and therefore Federal Defendants deny them.

26.     Federal Defendants admit the allegations in Paragraph 26.

27.     Federal Defendants admit the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

29. The allegations in Paragraph 29 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

30. The allegations in Paragraph 30 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

31. The allegations in Paragraph 31 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

32. The allegations in Paragraph 32 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

33. The allegations in Paragraph 33 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

34. The allegations in the first sentence of Paragraph 34 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Any allegations inconsistent with the ESA's plain language, meaning, or context are denied. Federal Defendants admit the allegations in the second sentence of Paragraph 34.

35. The allegations in Paragraph 35 purport to characterize the ESA and its legislative history, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

36. The allegations in Paragraph 36 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

37. The allegations in Paragraph 37 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

38. The allegations in Paragraph 38 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

39. The allegations in Paragraph 39 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

40. The allegations in Paragraph 40 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

41. The allegations in Paragraph 41 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied.

42. The allegations in the first sentence of Paragraph 42 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied. The allegations in the second sentence are vague and ambiguous, and therefore Federal Defendants deny them.

43. The allegations in Paragraph 43 constitute Plaintiffs' characterization of their case, to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations on that basis.

44. Federal Defendants admit the allegations in Paragraph 44.

45. Federal Defendants admit the allegations in Paragraph 45.

46. Federal Defendants admit the allegations in Paragraph 46.

47. Federal Defendants admit the allegations in Paragraph 47.

48. The allegations in the first sentence of Paragraph 48 purport to characterize undisclosed studies that speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, or context are denied. Federal Defendants deny the allegations in the second sentence. The remaining allegations constitute Plaintiffs' characterization of their case, to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations.

49. The allegations in the first and last sentences of Paragraph 49 constitute Plaintiffs' characterization of their case, to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and therefore deny them.

50. The allegations in the second and third sentences of Paragraph 50 purport to characterize undisclosed studies that speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, or context are denied. The remaining allegations are too vague and ambiguous to permit a response, and therefore Federal Defendants deny them.

51. The allegations in the first sentence of Paragraph 51 constitute Plaintiffs' characterization of their case, to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations. The remaining allegations in Paragraph 51 purport to characterize undisclosed studies that speak for themselves and are the best evidence of their contents. Any allegations inconsistent with their plain language, meaning, or context are denied.

52. The allegations in Paragraph 52 are too vague and ambiguous to permit a response, and therefore Federal Defendants deny them.

53. The allegations in Paragraph 53 constitute Plaintiffs' characterization of their case, to which no response is necessary. To the extent that a response is required, Federal Defendants deny the allegations.

54. Federal Defendants admit the allegations in the first two sentences of Paragraph 54 that Plaintiffs submitted a petition on January 24, 2022 to list the ghost orchid as threatened or endangered under the ESA and that the Service issued a positive 90-day finding on October 22, 2022. The remaining allegations in Paragraph 54 purport to characterize the petition, positive 90-day finding, and the ESA, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the petition's, 90-day finding's, and ESA's plain language, meaning, or context are denied.

55. Federal Defendants hereby incorporate by reference each and every response to the allegations in Paragraphs 1 through 54 above.

56. The allegations in the first sentence of Paragraph 56 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the ESA's plain language, meaning, or context are denied. The allegations in the second

sentence constitute legal conclusions, to which no response is necessary.  To the extent a response is required, Federal Defendants deny the allegations on that basis.

57. The allegations in Paragraph 57 constitute Plaintiffs' characterization of its case and legal conclusions, to which no response is necessary. To the extent a response is required, Federal Defendants deny the allegations.

58. The allegations in Paragraph 58 constitute legal conclusions, to which no response is necessary.  To the extent a response is required, Federal Defendants deny the allegations.

The remaining allegations under "Prayer for Relief" numbered 1 through 4 contain Plaintiffs' requested relief to which no response is required.

### GENERAL DENIAL

Federal Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein.

### AFFIRMATIVE DEFENSES

Without limiting or waiving any defenses available to them, Federal Defendants hereby assert:

A. To the extent that Plaintiffs have failed to state a claim on which relief can be granted, any such claim should be dismissed.

B. To the extent that the Court lacks subject matter jurisdiction over the claim in the Complaint, the claim should be dismissed.

C. To the extent that Plaintiffs have failed to comply with the ESA's sixty-day notice provision as set forth in 16 U.S.C. § 1540(g)(2)(C), their claim should be dismissed.

Federal Defendants reserve the right to assert any other claims or defenses as may be available, or may become available during the course of these proceedings.

Dated: December 4, 2023          Respectfully Submitted,

TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief

        MEREDITH L. FLAX, Deputy Section Chief

        */s/ Jacob Jose*
        JACOB JOSE (CO Bar No. 59582)
        Trial Attorney, Wildlife and Marine Resources Section
        CHRISTIAN H. CARRARA (NJ Bar No. 317732020)
        Trial Attorney, Wildlife and Marine Resources Section
        United States Department of Justice
        Environment and Natural Resources Division
        150 M St. NE, Washington, D.C. 20002
        Phone: (202) 341-1749 (Jose)
               (202) 305-0271 (Carrara)
        Fax:   (202) 305-0275
        Email:  jacob.jose@usdoj.gov
                christian.carrara@usdoj.gov
        *Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Jacob Jose*
JACOB JOSE
*Attorney for Federal Defendants*